No. 19,629.

WILLIAM MAMPE, *Appellee,* v. ALBERT KUNKEL,
*Appellant.*

### SYLLABUS BY THE COURT.

1. IMPLIED CONTRACT—*Competent Evidence to Prove—Intruction.* The defendant offered in evidence a paper not pleaded which he claimed embodied substantially the contract in controversy. In an instruction the court referred to the contract as having been pleaded. No different instruction was requested. *Held,* no material error.

2. SAME—*Expert Witness—Qualified to Testify.* An architect who hears a description of work done by another architect in supervising a building with which the witness is acquainted may properly give his opinion of the value of such supervision.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 8, 1915. Affirmed.

*Joseph Brubacher,* and *James Conly,* both of Wichita, for the appellant.

*Robert C. Foulston,* of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, an architect, sued on an account for original plans and supervision for six months, $500; change in original plans, $75; total, $575; paid, $560; balance, $15; and for eight months' overtime at one hundred dollars a month, $800; total, $815. The defendant denied all indebtedness except the $15 for balance due on original work, and proved a tender of that amount. Upon the trial the plaintiff testified to an oral contract and certain changes made therein and to services performed for supervision. The defendant claimed that the agreement was substantially embodied in a written contract subsequently agreed upon, which he offered in evidence, and which called for a consideration of $500, and testified to having paid in all $560,

including certain overwork. The court directed the jury to determine which contract was the one actually made, and charged that in no event could the plaintiff recover more than $600, the result being a verdict in his favor for $500. The defendant appeals, and while conceding that the conflicting evidence was for the jury and not for this court to reconcile, contends that certain errors were committed precluding him from having a fair trial.

He complains of an instruction that if the written instrument contended for by the defendant was in fact the contract, the verdict would have to be for him, and that the defendant alleged that this was the contract. The defendant argues that this so-called contract was not pleaded and therefore not alleged, and that it was not when first drawn up intended to be used as evidence of a contract, and that it was not attempted by the defendant to be used as anything more than a memorandum, and that therefore the instruction complained of must have misled the jury to his prejudice. On the trial, however, the defendant testified that the plaintiff handed him the paper to read over, and for him to fill it out if he should like it, and that he afterwards told him that he had filled it out.

"The defendant now offers in evidence 'Exhibit C,' being the contract, memorandum or agreement between William Mampe and Albert Kunkel.

"Q. That is your signature? A. Yes.

"Q. Was Mr. Mampe there when you signed it? A. No, I brought it home to read it over.

"Q. Did you tell him anything about signing it? A. Yes.

"Q. What did he say? A. He says, all right, we will go ahead and make the plans.

. . . . . . . . . . . .

"I have a memorandum of payments I made on this contract."

He further testified that the fourth story added later called for $75 in addition to the contract price of $500.

While, technically speaking, the contract was not pleaded, it was offered in evidence and referred to by the defendant as indicated. No different instruction was requested and no material error appears in the one complained of.

Complaint is also made that an architect was permitted to testify as to his opinion what the plaintiff's services were worth for supervision of the building in question, which the witness had seen. The witness based his opinion somewhat on the character of the work testified to by the plaintiff, and no reason is apparent why his testimony was not competent.

The judgment is affirmed.